— Order, Supreme Court, New York County, entered on June 10, 1976, denying defendant’s renewed motion for dismissal of the complaint is unanimously reversed, on the law, without costs and without disbursements, and the renewed motion to dismiss the complaint is granted. The plaintiff here complains that because of recently discovered fraud in the administra *557 tion of her stepfather’s will, she has several causes of action against the defendant. The acts complained of occurred around 1927 and defendant raised the defense of the Statute of Limitations and laches. This court, on a prior occasion, remanded this matter for discovery because the minimal record presented prevented a final disposition of the applicability of the Statute of Limitations as a complete defense to the action. Discovery having been completed, the motion to dismiss has been renewed. At common law there was no fixed period for the institution of an action. At the present time all rights of action are barred after the lapse of certain periods by statute (35 NY Jur, Limitations and Laches, p 480). Such statutes are called Statutes of Limitation and are given effect for a number of reasons. The passage of time may dim the memory of witnesses, evidence may change or disappear altogether, and the rights of innocent people may be affected. In the instant matter, it seems that all these factors are present, there having been a half-century lapse between the irregularities complained of and today’s decision. CPLR 213 (subd 8) is explicit that in an action based on fraud, the time within which the action must be commenced shall be computed from the time the plaintiff discovered the fraud or with the exercise of reasonable diligence could have discovered it. As has been said: "where the circumstances are such as to suggest to a person of ordinary intelligence the probability that he has been defrauded, a duty of inquiry arises, and if he omits that inquiry when it would have developed the truth, and shuts his eyes to the facts which call for investigation, knowledge of the fraud will be imputed to him. He will be held, for the purposes of the Statute of Limitations, to have actually known what he might have known and ought to have known.” (Higgins v Crouse, 147 NY 411, 416.) To bolster her contention that she had been hoodwinked out of a share of the Steinhardt estate, plaintiff seeks to project an innocence, or a naivete if you will, sufficient to relieve her of her right and duty to exercise reasonable diligence. Without imputing to her the sophistication of a businessman, her background as the daughter of an affluent family, of full age, married and well traveled both in and out of the United States, educated and well read, suggests an inability to unquestioningly accept the insolvency of the estate on the mere say-so of her mother and brother (the executor here). Additionally, she knew her stepfather’s will was being probated, that he owned property and that he was a partner in a business "Steinhardt and Kelly” with which her brother was affiliated for many years after Mr. Steinhardt’s demise. She had access to and was familiar with lawyers and had facts sufficient to stimulate an inquiry. Accordingly, the plaintiff failed to meet her obligation, and knowledge of the fraud (if there were one) is imputed to her for the purposes of the Statute of Limitations. As to plaintiffs John and Nelson Gidding, the same argument was proffered on the prior appeal and was not granted any validity. It is a point impliedly decided and thus rendered moot. Concur—Birns, J. P., Evans, Capozzoli and Markewich, JJ.